ANGEL DOPAZO *vs.* RENT CONTROL BOARD OF BROOKLINE. April 20, 1988. No. 87-1005. *Rent Control,* Exemption. *Brookline. Real Property,* Ownership. *Municipal Corporations,* Rent control.

The plaintiff filed an application with the Brookline rent control board (board) for a certificate of exemption pursuant to § 3(b)(5) of the rent and eviction control by-law of the town of Brookline (by-law) for the three-family house at 36 Davis Avenue. The exemption was sought on the basis that the

plaintiff was an owner-occupant of the house. A hearing examiner held adjudicatory hearings and recommended that the exemption be denied. After reviewing the evidence before the examiner, the board denied the exemption. A judge of the Brookline District Court reviewed the administrative record and reversed the board's decision. A report to the Appellate Division was dismissed.

The board found that the plaintiff and his wife (the Dopazos) purchased the house at 36 Davis Avenue on July 1, 1974, as tenants by the entirety. Following their purchase the Dopazos lived in the house until August, 1978, at which time they acquired a single-family house. In June, 1983, as a result of marital difficulties, the plaintiff separated from his wife and moved back into one of the dwelling units at 36 Davis Avenue. At the time of the hearing, the plaintiff had lived at 36 Davis Avenue full time for two years. The tenants' rent checks are made payable to the wife and are mailed to the Dopazos' single-family residence. The plaintiff testified that he makes repairs and maintains the property, and that his wife keeps the financial records, but operational expenses are paid from a joint account. Copies of various bills to the Dopazos were introduced in evidence, along with a copy of a cancelled bank check for the December, 1984, mortgage payment, drawn upon their joint account.

The board further found that the plaintiff "failed to establish what portion, if any, of the responsibilities of ownership of 36 Davis Avenue he has assumed, including payment of mortgage debt, real estate taxes and insurance fees." The board concluded (a) that the plaintiff "is not a beneficial owner of 36 Davis Avenue but an owner in name only" and (b) that the plaintiff "holds record title and resides at the property for the purpose of exempting said property from rent control, but does not carry enough of the significant burdens and responsibilities of ownership to qualify as a 'true' owner."

We agree with the judge that the board's ultimate finding, that the plaintiff is an owner in name only, is not supported by substantial evidence and is inconsistent with other findings made by the board.

The standards for determining whether an applicant seeking an exemption under the by-law as an owner who is occupying a three-family house are set forth and discussed in *Kinchla* v. *Rent Control Bd. of Brookline, ante* 656 (1988). The plaintiff and his wife purchased the property at 36 Davis Avenue as tenants by the entirety. There is no indication that the status of the property's ownership has changed. They are jointly liable for the mortgage and lived in the house for four years. The plaintiff has moved back into a dwelling unit in the house as a result of marital difficulties. The plaintiff's wife maintains the books and financial records for the property, while he repairs and maintains it. Although rent checks from tenants

are made payable to the plaintiff's wife and mailed to her, they are deposited in a joint account from which the property's operating expenses are paid.[1]

The facts suggest the following situation. A married couple purchases a small investment property and subsequently purchase, and move into, a single-family house. They encounter marital difficulties and separate under an arrangement which calls for the husband to move back into the investment property while the wife lives at the house. By mutual agreement, oversight of the books and financial records for the investment property is left to the wife, repair and maintenance duties to the husband.

We consider the grant of the application consistent with the reasons underlying the exemption. We conclude that the facts concerning the plaintiff's ownership and management of 36 Davis Avenue "so outweigh[] any conceivable inferences to the contrary that such inferences cannot be said to constitute substantial evidence in support of the board's decision." *Cohen* v. *Board of Registration in Pharmacy*, 350 Mass. 246, 253 (1966).

*Order dismissing report affirmed.*

*David William Adams* for the defendant.

---

[1] A tenant's testimony at a second hearing does not call any of this into question. That testimony sought to establish that the plaintiff did not live in the house, a suggestion which the board explicitly rejected.

